UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ARTHUR DARANG,  :
 :
              Plaintiff,  :
 : **ORDER**
           -against-  :
 : 15 Civ. 6058 (ENV) (VMS)
THE CITY OF NEW YORK, TLC  :
OFFICER THOMAS RYAN, SHIELD  :
#1085, TLC OFFICER M. SIMMS, SHIELD :
#1228, POLICE OFFICERS JOHN/JANE  :
DOE(S) #S 1-10,  :
 :
             Defendants.  :
 :
---------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

    Plaintiff brings this action pursuant to, inter alia, 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff is represented by David A. Zelman, Esq. ("Mr. Zelman") of the Law Office of David A. Zelman. Plaintiff moves for leave to proceed in forma pauperis. Mot. to Proceed In Forma Pauperis ("IFP Mot."), ECF No. 2. For the reasons stated herein, Plaintiff's motion to proceed in forma pauperis is **granted in part** and **denied in part**.

    Under 28 U.S.C. § 1915, the Court may waive the $400.00 filing fee to commence a civil action upon finding that the plaintiff is indigent. See 28 U.S.C. §§ 1914-1915. The determination of whether a plaintiff qualifies for in forma pauperis status is within the discretion of the district court. See DiGianni v. Pearson Educ., No. 10 Civ. 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). In this case, Plaintiff filed an application, under penalty of perjury,

1

attesting to his income, savings, and expenses.  See IFP Mot.  Plaintiff has no savings and receives take-home wages of $2,384.00 per month.  Id.

This case presents an unusual circumstance, in that the Plaintiff seeking in forma pauperis status is also represented by counsel.  Mr. Zelman has not explained whether Plaintiff will be required to contribute towards litigation costs during the pendency of the litigation.

"[A]ttorneys practicing on a contingent fee basis in this district routinely file cases on behalf of indigent plaintiffs without seeking to proceed in forma pauperis and thereby having the filing fee waived."  Vargas v. CH Hospitality Mgmt., LLC, No. 14 Civ. 2439 (ENV) (JO), 2014 WL 2930462, at *4 (E.D.N.Y. June 27, 2014) (explaining and reiterating an electronic docket order denying the request of a represented litigant to proceed in forma pauperis where he had "not satisfactorily demonstrated that the enforcement of the fee requirement in this case w[ould] impair his ability to prosecute his claims").  Several courts in this Circuit have concluded that "an in forma pauperis application ordinarily should not be granted in a contingency fee context."  Fodelmesi v. Schepplerly, 944 F. Supp. 285, 286 (S.D.N.Y. 1996) (granting in forma pauperis status for purposes of an appeal based on "unique" circumstances involving an eight-year litigation and "transfers for which plaintiffs and their counsel bear no responsibility and yet which resulted in increased out-of-pocket expenses that plaintiffs' counsel reasonably may not have foreseen when he undertook the representation, thus making his reluctance to proceed further to advance out-of-pocket expenses something of a special case"); see Vargas, 2014 WL 2930462, at *1 (quoting Fodelmesi); Walker, No. 12 Civ. 840 (MKB) (RLM), 2012 WL 6563044, at *1, *3 n.3 (E.D.N.Y. Dec. 17, 2012) (quoting Fodelmesi; on a motion for

reconsideration, affirming a denial of a request for in forma pauperis status by a plaintiff represented by Mr. Zelman).

On the other hand, at least one court in this District has concluded that in forma pauperis status may be granted where plaintiff is represented, so long as "plaintiff demonstrated the necessary degree of financial exigency," Schwartz v. Bethel, No. 13 Civ. 2209 (FB) (JMA) (E.D.N.Y. Sept. 25, 2013) (ECF No. 13), because 28 U.S.C. § 1915 "'is intended to guarantee that no citizen shall be denied an opportunity to commence . . . an action . . . solely because his poverty makes it impossible for him to pay or secure the costs.'" Schwartz, No. 13 Civ. 2209 (FB) (JMA) (E.D.N.Y. Sept. 25, 2013) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).

On review, the particular circumstances of this case warrant granting the motion for in forma pauperis status in part to permit waiver of the filing fee as noted below. Having reviewed Plaintiff's submission, the Court finds that his financial circumstances qualify him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). To the extent the filing fee may be an obstacle in this case to obtaining representation by counsel and commencing the litigation, the Court will permit Plaintiff to proceed in forma pauperis, on the condition that should he receive any monetary settlement, judgment or award the $400.00 fee must be paid to the Court within fifteen days of the receipt of the monies from the first $400.00 received. In addition, the repayment of the filing fee to the Court must be included as a condition to any settlement agreement.

This arrangement balances the Court's and the public's interest in obtaining filing fees, which "are an important source of some of the funds that enable the judiciary to fulfill its constitutionally prescribed duties to all litigants and to the public," Vargas, 2014 WL 2930462,

at *4, with the Court's and the public's interest in guaranteeing access to justice irrespective of a litigant's financial means.

In addition, 28 U.S.C. § 1915(d) requires that when a plaintiff proceeds in forma pauperis, an "officer of the court shall . . . serve all process" on the plaintiff's behalf. 28 U.S.C. § 1915(d) (emphasis added). In the instant matter, all Defendants have already been served, and therefore, the application of this section is moot. See Aff. of Service, ECF No. 6.

In summary, Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is **granted in part** and **denied in part**. Should this action lead to a monetary settlement, judgment or award, Plaintiff must, within fifteen days of the receipt of the settlement, judgment or award, reimburse the $400.00 filing fee to the Clerk of Court from the first $400.00 received.

**SO ORDERED.**

Dated: Brooklyn, New York
December 7, 2015

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge